Case 2:25-cv-00904-MHT-JTA    Document 1    Filed 11/17/25    Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

**AUDREY DENISE IVERSON**,
Plaintiff,

v.

**MONTGOMERY HOUSING AUTHORITY;**
**DEKEESHA NORMAN, in her individual and official capacity;**
**VALENCIA LONG, in her individual and official capacity;**
**AMBER LUCY, in her individual and official capacity;**
**DEVIN MALONE, in his official capacity as Executive Director;**
**HUD REGION IV – ATLANTA OFFICE, in official capacity only**,

Defendants.

Case No.: 2:25-cv-904-MHT-JTA
JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff **Audrey Denise Iverson**, proceeding pro se, files this civil action for violations of the **Fair Housing Act (42 U.S.C. §§ 3604, 3617), ADA Title II (42 U.S.C. § 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and 42 U.S.C. § 1983 (Due Process)** against the Montgomery Housing Authority and the individuals named above.

## I. JURISDICTION & VENUE

1. This Court has federal-question jurisdiction under **28 U.S.C. § 1331**, because Plaintiff brings claims under federal civil rights, ADA, Section 504, and federal housing laws.
2. Venue is proper in this District under **28 U.S.C. § 1391(b)** because all acts occurred in Montgomery, Alabama.

## II. PARTIES

3. Plaintiff **Audrey Denise Iverson** is a disabled individual residing in Montgomery County, Alabama.
4. Defendant **Montgomery Housing Authority (MHA)** is a public housing authority receiving federal HUD funds.
5. Defendant **Dakeesha Norman** is the Assisted Housing Programs Administrator.
6. Defendant **Valencia Long** is an MHA employee involved in recertification and termination decisions.
7. Defendant **Amber Lucy** is an MHA employee who issued the termination notice.
8. Defendant **Devin Malone** is the Executive Director responsible for oversight of MHA operations.
9. Defendant **HUD Region IV – Atlanta Office** oversees MHA's compliance with HUD regulations.

## III. FACTUAL SUMMARY (SHORT FORM)

*A full, detailed narrative will be provided in **Attachment A – Full Statement of Facts**.*

10. Plaintiff is disabled, undergoing cancer-related treatment requiring relocation to Dallas, Texas for life-sustaining medical care.
11. Plaintiff submitted multiple reasonable-accommodation requests and medical documentation confirming medical urgency.
12. Plaintiff filed complaints regarding improper handling of her case on **November 12, 2025**, including to HUD and MHA leadership.
13. Less than **two hours later**, MHA issued a **termination notice**, signed by Defendant **Dakeesha Norman**, the same individual named in Plaintiff's complaint.
14. Federal law defines this timing as **retaliation** under **42 U.S.C. § 3617**.
15. MHA failed to offer a **required repayment agreement**, despite HUD regulations requiring one whenever a debt is alleged (24 C.F.R. § 982.552(c)(1)(vii); PIH 2010-19).
16. The alleged income dates (2021–2022) coincide with years when MHA itself conducted multiple annual recertifications without noting any issue. HUD law defines this as **PHA administrative error**, not tenant fraud.
17. MHA blocked portability, despite federal law requiring portability to proceed even when a termination is pending (24 C.F.R. § 982.355).
18. Plaintiff's right to due process was violated because termination was issued before any hearing, in violation of **24 C.F.R. § 982.555**.
19. Plaintiff suffered delays in medically urgent relocation, emotional distress, risk to health, and loss of housing stability.

## IV. CLAIMS FOR RELIEF

### COUNT I – Disability Discrimination

**(ADA Title II – 42 U.S.C. § 12132)**
20. Defendants denied Plaintiff equal access to a public program by refusing required accommodations and blocking medically necessary portability.

### COUNT II – Section 504 Rehabilitation Act Violations

21. Defendants failed to modify policies when necessary for Plaintiff's disability and interfered with access to medical care.

### COUNT III – Fair Housing Act Discrimination & Retaliation

**(42 U.S.C. §§ 3604 & 3617)**
22. Defendants retaliated against Plaintiff within two hours of her complaint and discriminated based on disability.

### COUNT IV – Due Process Violations

**(42 U.S.C. § 1983)**
23. Defendants issued termination without notice, evidence, hearing, or opportunity to dispute the allegations.

### COUNT V – Violation of HUD Regulations

**(24 C.F.R. §§ 982.355, 982.516, 982.552, 982.555; PIH 2010-19)**
24. Defendants violated mandatory federal regulations governing portability, administrative errors, repayment agreements, and termination procedures.

---

# V. DAMAGES

Plaintiff seeks the following:

- **Compensatory damages: $1,000,000**
- **Emotional distress damages: $1,000,000**
- **Punitive damages: $750,000**
- **Special/statutory damages: $250,000**
- **TOTAL DAMAGES: $3,000,000.00**

(Damages calculation is provided in full as **Exhibit 20**.)

---

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:

1. Judgment in the amount of **$3,000,000.00**.
2. A declaration that Defendants violated federal law.
3. Immediate **injunction restoring voucher eligibility and ordering emergency portability**.
4. Order requiring MHA to comply with ADA, Section 504, HUD regulations, and federal civil rights laws.
5. Any additional relief the Court deems proper.

## VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## VIII. SIGNATURE BLOCK

Respectfully submitted,

**AUDREY DENISE IVERSON**
Plaintiff, Pro Se
Phone: **469-712-6022**
Email: **audrey.iverson1276@gmail.com**
Address: 2650 Baldwin Brook Dr Montgomery, Ala 36116
Date: 11/17/2025

*Audrey Denise Iverson*